BOOKOUT, Judge,
concurring in part and dissenting in part:
I concur in the affirmance of the conviction, but I respectfully dissent as to that part of the opinion relating to indigency. The distinction between persons who are indigent during the period between arraignment and sentencing, and persons who are only indigent for the purpose of taking an appeal, appears to be irrelevant to this case. The relevance of the distinction is not supported by those cases cited by the majority. The only relevant inquiry should relate to the appellant’s ability to pay the fine when payment is due. If the appellant is indigent for the purpose of taking an appeal, then it may follow that he may also be indigent for the purpose of paying a fine. I fail to find any support in law for the proposition that a finding of indigency (for payment of a fine) should be made prior to arraignment and trial.
The judgment of conviction should be affirmed and the cause remanded for sentencing in conformity with Tate, supra. See Dorch, supra. If the court below finds the appellant to be a non-indigent, then the appellant may be imprisoned for failure to pay the fine. If the court below finds the appellant to be indigent then “there are other alternatives to which the State may constitutionally resort to serve its concededly valid interest in enforcing payment of fines.” Tate, supra.
While I concur with the majority in its affirmance of conviction, I think the following point should be made. As I have never in my life seen a dog running at large wearing a muzzle, it appears that the city’s case against the appellant comes perilously close to being one of selective prosecution.